United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-11335
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ZAVARN CORNELIUS HAYES,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Northern District of Texas
(3:03-CR-109-ALL)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Zavarn Cornelius Hayes appeals his conviction for being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Hayes contends that the officers who arrested him testified improperly at trial that it was their opinion and belief that the weapon found at the scene came from his person. (Hayes had been apprehended after a pursuit; when he was lifted to his feet, the officers had observed a holstered pistol under Hayes' body.) Because Hayes did *not* object to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecutor's questions on the basis that they were intended to induce improper opinion testimony, we review only for plain error. *See, e.g.,* **United States v. Green**, 324 F.3d 375, 381 (5th Cir.), *cert. denied*, 124 S. Ct. 152 (2003).

"Under the plain error analysis, the court may reverse a criminal conviction only if (1) there was error, and (2) the error was clear and obvious, and (3) the error affected a substantial right." **United States v. Jimenez**, 256 F.3d 330, 340 (5th Cir. 2001). Further, the court retains discretion to reverse a conviction on the basis of plain error; generally, we will reverse only if the error seriously affected the fairness, integrity, or public reputation of the proceedings. **Id.**

Under FED. R. EVID. 701, if a witness is not testifying as an expert, the witness may testify in the form of opinions or inferences only if the testimony (1) is rationally based on the witness' perceptions, (2) is helpful to a clear understanding of the testimony or the determination of a fact issue, and (3) is not based on scientific, technical, or other specialized knowledge. *See, e.g.,* **United States v. Parsee**, 178 F.3d 374, 379 (5th Cir. 1999). Although a witness may not offer legal conclusions, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact". FED. R. EVID. 704(a); *see* **United States v. Izydore**, 167 F.3d 213, 218 (5th Cir. 1999)

(applying Rule 704(a) to lay testimony). The officers' testimony was limited to opinions that were rationally based on the officers' observations, and the testimony was helpful to a clear determination of a fact issue. There was no error. But even assuming *arguendo* the admission of the officers' testimony was error, it was *not* the "clear" or "obvious" error required by our plain error review. *See* **Parsee**, 178 F.3d at 379.

Hayes also challenges remarks made by the prosecutor during closing argument. He contends that the prosecutor improperly vouched for the officers' credibility on several occasions; however, he objected to only two of the four remarks he challenges on appeal. Plain error review is applied to the comments for which there was no objection. The objected-to comments are reviewed to determine whether they were improper and, if so, affected Hayes' substantial rights. *E.g.,* **United States v. Gallardo-Trapero**, 185 F.3d 307, 320 (5th Cir. 1999).

Although Hayes stopped short of testifying that the arresting officers were lying, his testimony about the discovery of the firearm conflicted substantially with the officers'. A prosecutor may "present what amounts to be a bolstering argument if it is specifically in rebuttal to assertions made by defense counsel in order to remove any stigma cast upon [the prosecutor] or his witness". **United States v. Thomas**, 12 F.3d 1350, 1367 (5th Cir.) (internal quotation and citation omitted), *cert. denied*, 511 U.S.

3

1095, *and cert. denied*, 511 U.S. 1114 (1994). The other comments challenged by Hayes were permissible requests that the jury draw reasonable inferences from the evidence and a permissible argument that, under the evidence presented, the officers had no reason to lie. *See* **United States v. Washington**, 44 F.3d 1271, 1278 (5th Cir.), *cert. denied*, 514 U.S. 1132 (1995). There was no error, plain or otherwise.

Hayes also claims for the first time on appeal that the prosecutor also made an improper plea for law enforcement. "This circuit has held that appeals to the jury to act as the conscience of the community are permissible, so long as they are not intended to inflame." **United States v. Fields**, 72 F.3d 1200, 1208 (5th Cir.), *cert. denied*, 519 U.S. 807 (1996). The prosecutor's remark was not clear or obvious error. *See* **Jimenez**, 256 F.3d at 340.

Finally, Hayes urges reversal based on cumulative error. Obviously, in the light of the foregoing, that claim fails also.

*AFFIRMED*

4